UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| YAA ASANTE-ADDAE,       : | CIVIL ACTION NO. | |
|     Plaintiff,              : | 3:13-CV-00489 (VLB) | |
|                       : | | |
| v.                         : | | |
|                       : | | |
| SODEXO, INC.,          : | | |
|     Defendant.           : | May 16, 2014 | |

**Memorandum of Decision Granting in Part and Denying in Part Plaintiff's Motion to Compel Discovery [Dkt. No. 45] and Denying Defandant's Motion for Protective Order [Dkt. No. 48]**

Before the Court are the Plaintiff's motion to compel discovery (dkt. no. 45), to which the Defendant objects, and the Defendant's motion for protective order (dkt. no. 48).

I. **Background**

This is an employment discrimination case in which the Plaintiff, Yaa Asante-Addae ("Asante") alleges that the Defendant Sodexo, Inc. ("Sodexo") terminated her employment on the basis of her race, gender, age, national origin, and/or religion.  The Defendant provides on-site food services supervisory support to healthcare providers.  Plaintiff is a fifty-four year old demonstratively religious Ghanaian female of African descent who was employed by the Defendant as a food services director for ECHN, one of Sodexo's customers, at several of ECHN's healthcare facilities, first at Manchester Hospital in Manchester, Connecticut and at Rockville General Hospital, and later at Woodlake Nursing and Rehabilitation Center located in Tolland, Connecticut.  On March 2,

1

2010, Ms. Asante transferred from a Sodexo facility in Iowa to Manchester Memorial and Rockville General Hospitals.  Plaintiff's supervisor was Tom Farrell ("Farrell").  Plaintiff alleges that her diverse background and religiosity became the subject of ethnically offensive remarks, racial epithets, inappropriate gestures, sounds, and racial undertones.  Specifically, she alleges that she was told that other employees would have to be trained to deal with her culture, co-workers mocked her thick accent by mimicking the sounds of jungle animals and acting out a commercial involving a man with a thick accent in her presence, and co-workers joked that another co-worker would be assigned her title while she continued to perform the work associated with the title.  She also alleges that, as part of the discriminatory conduct, Farrell told her that a Jamaican woman complained of having been the victim of racial discrimination.  She alleges that after complaining about her treatment, Sodexo contrived to terminate her by transferring her to ECHN's Woodlake facility in December, 2010.  She theorizes that Farrell expected her job at Woodlake to be eliminated upon the termination of the contract between Sodexo and this ECHN facility because he had reported to his superiors a perceived ethics violation in 2008 and had followed up by filing a written ethics report in January 2010, several months before Ms. Asante was transferred from Iowa to Connecticut, suggesting that Sodexo had misapplied vending machine revenue and that his report led to Sodexo's disgorgement of vending machine revenue to ECHN.  Ms. Asante's employment was terminated on November 10, 2011.

**Plaintiff's Requests for Production Nos. 13, 15, 16, seek disclosure of material about which Farrell testified at his September 17, 2013 deposition, conducted six months before the discovery deadline.  Plaintiff seeks disclosure of the ethics report Farrell authored regarding the vending machine issue, and reports and information connected to Farrell's termination.**

**Plaintiff also theorizes that Sodexo habitually retaliated against its employees on the basis of two statements.  First, Farrell testified that he was terminated around January 2013 after having reported to his supervisors and having filed an ethics report regarding the vending machine revenue and, second, he testified that another employee – a chief clinical dietician employed at Milford Hospital – filed an ADA complaint in 2012, after Ms. Asante's termination.  Farrell testified that he was the dietician's district manager.**

**In order to identify information which may lead to the discovery of admissible evidence in this disparate treatment case, Plaintiff seeks evidence of a general pattern of discrimination and retaliatory practices by Sodexo.  Her Request for Production No. 19 seeks "documents evidencing or in any way pertaining to the filing of any discriminatory charge by any past or present Sodexo managers or employees within the past five (5) years counting from the time Plaintiff was terminated in November 2011," making the effective time period November 2006 to November 2011, regardless of where and under whose supervision the complainant worked and the basis of the alleged discrimination.  In particular, she seeks information pertaining to an ADA claim lodged in 2012 by the clinical dietician employed at Milford Hospital, after the timeframes specified**

**3**

in her request for production.  The Defendant counters that the motion to compel was untimely filed first because it was filed after the discovery deadline and second because it was not filed for months after the Defendant objected to the Plaintiff's requests for production.  The third basis for the Defendant's objection is that Plaintiff failed to comply with the federal and local rules of procedure.  Defendant's fourth and final basis for objecting is that the Plaintiff has requested information pertaining to the ADA claim which is beyond the five year scope of the Plaintiff's discovery request.

## II. Legal Standard

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. . . If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions."  Fed. R. Civ. P. 37(a)(1), (a)(3)(A).  The Local Rules of this District provide that

> [m]emoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed.  Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item.  Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. R. 37(b)1.  Further, Rule 26 of the Federal Rules of Civil Procedure specify the scope of discovery.  Subsection (b)(1) of Rule 26 provides that

> [u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All discovery is subject to the limitations imposed by Rule 26(b)(2)(C) [which limits the frequency and extent of discovery].

Fed. R. Civ. P. 26(b)(1).  That limiting section provides that

> the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters, which may aid a party in the preparation or presentation of his case.  *U.S. v. Int'l Bus. Machines Corp.*, 68 F.R.D. 315, 316 (S.D.N.Y. 1975) (citation omitted).  *See also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevance "has been construed broadly

to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."); *Raza v. City of New York*, 13-CV-3448 PKC JMA, 2013 WL 6177392, at *9 (E.D.N.Y. Nov. 22, 2013) ("the purpose of discovery is to enable a party to obtain potentially relevant information."); *Engl v. Aetna Life Ins. Co.*, 139 F.2d 469, 472 (2d Cir. 1943) (purpose of discovery includes ascertaining "leads as to where evidence may be located").

A "[s]cheduling [o]rder is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril." *Eng-Hatcher v. Sprint Nextel Corp.*, 07 CIV. 7350 BSJ KNF, 2008 WL 4104015, at *1 (S.D.N.Y. Aug. 28, 2008). Notwithstanding, the Court has discretion to amend a scheduling order in furtherance of the purpose of the Federal Rules of Civil Procedure and in the interest of justice. The rules "govern the procedure in all civil actions and proceedings in the United States . . . [and] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In furtherance of the just administration of judicial proceedings, Federal Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A finding of "good cause" depends on the diligence of the moving party to comply with the scheduling order. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). Diligence is the primary determinant of whether to extend a deadline, but not the only consideration. *Kassner*, 496 F.3d at 244. "The district court, in the exercise

6

of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing [amendment of the pleadings] at this stage of the litigation will prejudice [the other party]." *Id.*; *see also Cole v. Fischer*, 08CV512, 2010 WL 681064, at *3 (W.D.N.Y. Feb. 19, 2010) (granting defendants' motion to extend the deadline to file dispositive motions after the deadline in the scheduling order had passed). "The management of discovery lies within the sound discretion of the district court, and the court's rulings on discovery will not be overturned on appeal absent an abuse of discretion." *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 561 (2d Cir. 1997). For good cause the Court may consider *nunc pro tunc* motions to extend deadlines. The critical question for this Court is whether the information sought by the Plaintiff appears reasonably calculated to lead to the discovery of admissible evidence.

### III. Analysis

#### a. Plaintiff's Motion to Compel Information Pertaining to the ADA Claim is Improper

Defendant is correct with respect to the ADA claim made by a different Sodexo employee. That claim was made in 2012 and the request for production specified a five year period commencing in November 2006, which period ended in November 2011. Thus the ADA claim is beyond the temporal scope of the Plaintiff's request for production. As the Defendant could not have failed to produce that which was not sought the motion to compel information pertaining to this ADA claim is denied. Even if this claim were within the temporal scope of the request to produce, the motion, to the extent it seeks to compel the disclosure of information pertaining to the ADA claim, is denied as Plaintiff has

7

not shown that discovery as to this claim could reasonably lead to the discovery of relevant information.  Despite the fact that Plaintiff deposed Mr. Farrell, Plaintiff provides no further information about the claim which would suggest its probity.  The Plaintiff does not state and in fact admits that she does not know the identity of the claimant, other than that she was employed as a chief clinical dietician, or any of the particulars of the employee's claim of disability discrimination.  As Plaintiff has failed to sustain her burden of showing that this request falls within the scope of permissible discovery the motion is denied as to the ADA claim.

### b. Plaintiff's Motion to Compel Information Concerning Plaintiff's Supervisor's Termination is Discoverable

Plaintiff's motion to compel disclosure of the reasons for Farrell's termination is likely to lead to the discovery of relevant information as he was Asante's supervisor and his termination may have been related to his supervision of Plaintiff or of other employees under circumstances which could be supportive of Plaintiff's claims.

### c. Plaintiff's Motion to Compel is not Impermissibly Untimely or Procedurally Defective

Plaintiff failed to file an affidavit in support of her motion to compel; however, her memorandum in support of the motion to compel quoted the requests for production responses which she seeks and attorneys must have a good faith belief in the statements made to the court in their pleadings.  Thus, Plaintiff's memorandum in support of her motion to compel satisfies the objective of the Rules as it clearly states the disputed issues.  The Rules should be construed to secure the efficient and cost effective resolution of disputes.  Fed.

8

R. Civ. P. 1. Accordingly, the procedural defectiveness of the motion is immaterial.

Turning to the challenge of untimeliness, the operative scheduling order was entered on May 6, 2013. [Dkt. No. 22]. The scheduling order set a discovery deadline of March 3, 2014. *Id*. The deadline was for the completion of discovery, not the service of discovery. *Id.* The Court set a dispositive motion deadline of May 1, 2014, approximately two months after the close of discovery. *Id.* Defendant cites *Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d 503, 516 (D. Conn. 2002) in support of its assertion that the motion to compel is untimely. This case is inapposite as the plaintiff in that case had received multiple continuances of the discovery deadline and the court had previously intervened to specify the permissible scope of discovery. Here the parties both sought continuances which the Court granted and the Plaintiff was not shown to have been dilatory. Nor has the Court been asked to intervene previously. Similarly, Defendant cites *Capozzi v. Gale Grp., Inc.*, CIV.NO. 300CV2129WWE, 2002 WL 1627626, at *2 (D. Conn. June 4, 2002) in which the court denied plaintiff's motion to compel because it was not filed until three days after the discovery deadline, stating "plaintiff *could* easily have filed the motion prior to the discovery cutoff date . . . Therefore, in light of plaintiff's lack of diligence . . . the court denies plaintiff's motion to compel." The facts of this case are distinguishable. Here, a few months elapsed between the date the requests were propounded and the date on which the motion was filed. While it would appear that discovery could and ideally *should* have been propounded earlier and that the Plaintiff could have

brought the dispute to fruition sooner, the Court cannot conclude that Plaintiff's counsel was not diligent after discovery was propounded.  There is no evidence that the Plaintiff could have anticipated the need to seek additional information after Farrell's deposition or that she did not conduct the deposition in a timely manner.  In the absence of a lack of diligence, it would elevate form over substance to deny the Plaintiff information which could lead to the discovery of admissible information.  Finally, a short delay occasioned by granting the Plaintiff's motion to compel disclosure of a discrete amount of information readily available to the Defendant would neither overburden or prejudice the Defendant nor unduly delay the resolution of the case.  Accordingly, the Defendant is ordered to provide to the Plaintiff information sought pertaining to the vending machine revenue issue.

IV.     Conclusion

Plaintiff's motion to compel disclosure of information concerning the vending machine revenue issue and Ferrell's termination is GRANTED.  The motion to compel information concerning the ADA claim is DENIED.  Defendant's Motion for Protective Order is DENIED.

                                                         IT IS SO ORDERED.


                                                         _____/s/_____
                                                         Hon. Vanessa L. Bryant
                                                         United States District Judge

Dated at Hartford, Connecticut: May 16, 2014